IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANKO, GOLD, KATCHER & FOX LLP, STEPHEN D. DALY and BRANDON P. MATSNEV,** : : : : | | |
| Plaintiffs, : | Case No. | |
| : | | |
| v. : | | |
| : | COMPLAINT UNDER THE | |
| **UNITED STATES COAST GUARD,** : | FREEDOM OF INFORMATION | |
| : | ACT FOR DECLARATORY | |
| : | AND INJUNCTIVE RELIEF | |
| Defendant. : | | |

## INTRODUCTION

1.      Plaintiffs Manko, Gold, Katcher, and Fox LLP ("Manko Gold"), Stephen D. Daly and Brandon P. Matsnev (together, "Plaintiffs") submitted a Freedom of Information Act ("FOIA") request to Defendant United States Coast Guard ("Defendant") on September 13, 2023 for records in Defendant's possession concerning the proposed Port of Wilmington Edgemoor Expansion located at 4600 Hay Road in the Edgemoor section of New Castle County, Delaware (the "Project") by Diamond State Port Corporation.

2.      In response to the FOIA request, Defendant failed to perform an adequate search for records and produced no records responsive to the request even though Plaintiffs are aware of several such records that exist and provided evidence of same to Defendant. Defendant then failed to issue a decision as to Plaintiffs' appeal of Defendant's determination within the time prescribed by FOIA. Therefore, Plaintiffs now file this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

4. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs' principal place of business, the law firm Manko, Gold, Katcher & Fox LLP, is located in this judicial district in Bala Cynwyd, Pennsylvania.

## PARTIES

5. Plaintiff Manko Gold is an environmental, energy, and land use law firm based in Bala Cynwyd, Pennsylvania.

6. Plaintiff Stephen D. Daly is a partner and lawyer employed by the law firm Manko Gold.

7. Plaintiff Brandon P. Matsnev is an associate and lawyer employed by Manko Gold.

8. Manko Gold's primary office and Plaintiffs' principal place of business is located at Three Bala Plaza East, Suite 700, in Bala Cynwyd, Pennsylvania 19004.

9. Defendant United States Coast Guard operates under the Department of Homeland Security ("DHS"). Defendant is an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant's headquarters are located at 2703 Martin Luther King Jr. Ave, SE U.S. Coast Guard Stop 7710, Washington DC 20593-7710.

## STATEMENT OF FACTS

11. On September 13, 2023, Plaintiffs submitted a FOIA request ("Request" or "FOIA Request") to Defendant by certified mail, electronic email (to efoia@uscg.mil), and via

Defendant's online portal for FOIA records, with attention to Defendant's FOIA Officer in accordance with Defendant's FOIA requirements.  A copy of the FOIA Request that was transmitted via email and certified mail is attached as **Exhibit A**.

12. Plaintiffs sought records from Defendant in furtherance of Manko Gold's representation of clients concerned about the Project's potential impacts to safety and navigation on the Delaware River.

13. The FOIA Request sought, among other things, documents or written communications (including emails) regarding the Project, including but not limited to the Project's potential impact on navigation on the Delaware River, including any communications between Defendant and the Delaware Department of Natural Resources and Environmental Control ("DNREC") or the United States Army Corps of Engineers.  *See* **Exhibit A.**

14. In an email dated October 11, 2023, Defendant confirmed receipt of Plaintiffs' FOIA Request and assigned the Request a control number, 2023-CGFO-02455.  Defendant's confirmation of receipt is attached as **Exhibit B**.

15. On November 1, 2023, Defendant provided a written correspondence to Plaintiffs, notifying them that Defendant was "unable to locate or identify any responsive records" in response to the Request after having conducted what Defendant described as "a comprehensive search of files within Sector Delaware Bay for records."  A copy of Defendant's November 1 letter is attached as **Exhibit C**.  The November 1 letter explained that Plaintiffs had a right to appeal this determination.

16. Defendant's response that there were no responsive records in Sector Delaware Bay's files concerning the Project was erroneous because Plaintiffs had in their possession

several email communications involving Sector Delaware Bay relating to the Project that had been provided to Plaintiffs by DNREC.

17. In one such email, Lieutenant Commander Andrew Cooke, United States Coast Guard, stated that "Sector Delaware Bay does not see this [P]roject posing a risk to safe navigation." At a minimum, this email communication should have been identified as part of any adequate search by Defendant for responsive records.

18. Further, other administrative agencies, including DNREC and the United States Army Corps of Engineers, had represented that they had relied upon conclusions reached by Defendant in assessing the Project's impacts to navigation as part of their own permitting reviews relating to the Project. Defendant therefore likely has within its possession records relating to any assessment it performed concerning the Project and its impacts to navigation.

19. On December 22, 2023, Plaintiffs submitted a letter response to Defendant's November 1 letter, attaching as evidence the existence of certain email records involving Sector Delaware Bay relating to the Project. A copy of Plaintiffs' December 22 letter response is attached as **Exhibit D**. Defendant did not respond to Plaintiffs' December 22 letter.

20. On January 23, 2024, Plaintiffs submitted a timely administrative appeal of Defendant's November 1 determination following the procedures outlined at 6 C.F.R. § 5.9. The appeal was submitted via both electronic mail and certified mail. A copy of Plaintiffs' administrative appeal is attached as **Exhibit E**.

21. Under 6 C.F.R. § 5.8(d), Defendant had 20 business days from the receipt of the appeal to issue a decision, *i.e.* by or before February 21, 2024.

22. It was not until well after this deadline for issuing a decision, on April 8, 2024, that Defendant merely acknowledged receipt of the appeal.

23. As of the date of the filing of this complaint, Defendant has failed to render a decision regarding the appeal, notwithstanding multiple requests for status updates from Plaintiffs.

24. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

25. Defendant has failed to adequately search for relevant records responsive to the Request and therefore has failed to produce responsive agency records to Plaintiffs. Further, the statutory period for the agency to issue a decision deciding the appeal has expired.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552,
for Failure to Conduct an Adequate Search**

26. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

27. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiffs' Request. 5 U.S.C. § 552(a)(3)(C).

### COUNT TWO

**Violation of the Freedom of Information Act, 5 U.S.C. § 552,
for Failure to Decide Administrative Appeal Within the Time Required**

28. Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

29.     Under FOIA, Defendant was required to respond to Plaintiffs' appeal of Defendant's determination regarding the Request and to notify Plaintiffs of the agency's decision within twenty working days after receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

30.     Defendant's failure to make the requisite determination and to communicate it to the Plaintiffs within the time allowed by the statute violates FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

### COUNT THREE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552, For Wrongful Withholding of Records

31.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

32.     Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiffs' Request.

33.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiffs' Request.

34.     Plaintiffs have legal rights to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

35.     Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

2. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiffs' FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

3. Declare that Defendant's failure to make a timely decision with regard to Plaintiffs' appeal violates FOIA, 5 U.S.C. § 552(a)(6)(A)(ii);

4. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiffs' Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

6. Award Plaintiffs their attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated:  April 22, 2024

Respectfully submitted,

*Shoshana Schiller*
_____
Shoshana (Suzanne Ilene) Schiller, Esq.
(PA ID 68206)
Manko, Gold, Katcher & Fox, LLP
Three Bala Plaza East
Suite 700
Bala Cynwyd, PA  19004
484-430-5700
sschiller@mankogold.com